IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHINDER MIKE SANWAL and KIRAN SANWAL, TRUSTEES OF THE MOHINDER & KIRAN SANWAL LIVING TRUST,<br><br>            Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SCOTT R. JONES; CONCORD POLICE DEPARTMENT; SACRAMENTO POLICE DEPARTMENT; CALIFORNIA HIGHWAY PATROL; FEDERAL BUREAU OF INVESTIGATION; FOLSOM POLICE DEPARTMENT; and DOES 1-100, INCLUSIVE,<br><br>            Defendants.<br>_____/ | No.  2:11-cv-0187 JAM KJN PS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

            Plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, Trustees of the Mohinder &

Kiran Sanwal Living Trust filed their complaint on January 20, 2011. (Complaint ("Compl."),

Dkt. No. 1.)   Thereafter, two motions to dismiss were filed by defendants the California

Highway Patrol and the Sacramento Police Department.  (Dkt. Nos. 8 and 9, respectively.)  These

1

matters are currently set to be heard on June 9, 2011.[1]

The undersigned has reviewed the complaint in connection with the two pending motions to dismiss. It appears that plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, individuals proceeding pro se or without counsel, purport to bring this action on behalf of a trust in their capacities as trustees. The caption of the complaint describes Mohinder Mike Sanwal and Kiran Sanwal as "trustees" of the "Mohinder & Kiran Sanwal Living Trust" (the "Trust"). (Compl. at 1.) The complaint also alleges that Mr. and Mrs. Sanwal, "as co-trustee[s]" of this Trust, have "owned" the subject property for seven years. (Compl. ¶¶ 1-2.) The complaint explicitly alleges that Mohinder Mike Sanwal and Kiran Sanwal both "bring[] this action on behalf of the Mohinder and Kiran Sanwal Trust." (Id.)

Non-attorney individuals representing themselves in federal court are typically given leniency with respect to pleadings, but must nonetheless abide by the rules of litigation procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Eastern District Local Rule 183(a) also provides, in part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona."

The general rule in federal litigation is that a non-attorney can represent himself on his own behalf. See 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases . . . ."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Although an individual has the right to represent himself, however, an individual does not have the right to appear on behalf of anyone other than himself. C.E. Pope Equity Trust, 818 F.2d at 697 (citing Russell v. United States, 308 F.2d 78, 79 (9th

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

2

Cir. 1962)); see also Knoefler v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994) (citing C.E. Pope Equity Trust and holding that pro se purported trustees had no right to represent trusts).

Further, pursuant to this court's local rules, "[a] corporation *or other entity* may appear only by an attorney." Local Rule 183(a) (emphasis added). The rule requiring entity defendants to appear only through counsel applies to trusts. C.E. Pope Equity Trust, 828 F.2d at 698 (holding that even a party's status as trustee does not include the right to present pro se arguments in federal court, and while Federal Rule of Civil Procedure 17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se); see also Alpha Land Co. v. Little, 238 F.R.D. 497, 502 (E.D. Cal. 2006) ("a trust can only be represented by an *attorney* in federal court") (emphasis in original) (citing C.E. Pope Equity Trust, 828 F.2d at 697 and 28 U.S.C. § 1654).

The court in C.E. Pope Equity Trust held that, despite his status as the trustee, the individual could not appear pro se on the trust's behalf. C.E. Pope Equity Trust, 818 F.2d at 697-98. The court also held, however, that there is an exception to the general rule: an individual who is the trust's "beneficial owner" may appear pro se on the trust's behalf. Id. (quoting 28 U.S.C. § 1654). The court explained,

> Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of Section 1654.

Id. (emphasis in original); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (where pro se party conceded that he was alleged to be representing his employer benefit plan, court held that "[b]ecause [he] is not the actual beneficial owner of the claims being asserted" he could not be "viewed as a 'party' conducting his 'own case personally'"); accord Alpha Land Co., 238 F.R.D. at 502 ("Although individuals who are parties to an action may appear in propria persona, this exception applies only to individuals who are asserting their own personal rights or

3

interests").)

Here, Mr. and Mrs. Sanwal purport to bring this case on behalf of the Trust. (Compl. at 1-2.) However, <u>C.E. Pope Equity Trust</u> and the above-cited authorities provide that the Trust can only appear through a licensed attorney, subject to the exception for a trust's "beneficial owner." <u>C.E. Pope Equity Trust</u>, 818 F.2d at 697-98. Aside from the complaint's allegations that the Trust is, in name, the "Mohinder and Kiran Sanwal Living Trust" (Compl. at 1-2) and allegations that Mr. and Mrs. Sanwal and/or their Trust "own" the subject property; at this time there is nothing in the record indicating that Mr. and Mrs. Sanwal are the Trust's sole beneficial owners. While Mr. and Mrs. Sanwal purport to bring this action "on behalf of" the Trust (Compl. at 1-2), they do not allege that they are the Trust's sole beneficiaries or otherwise allege the basis of an ability to appear pro se as non-attorneys on the Trust's behalf. Here, just as in <u>C.E. Pope Equity Trust</u>, nothing in the record identifies the Trust's beneficiaries or otherwise confirms that Mr. and Mrs. Sanwal are "the actual beneficial owner[s] of the claims being asserted" on the Trust's behalf. <u>See id.</u> At least on the present record, with respect to representing the Trust, Mr. and Mrs. Sanwal cannot currently be viewed as a "party" conducting his or her "own case personally." <u>See id.</u> At present, Mr. and Mrs. Sanwal do not have the ability to proceed pro se on the Trust's behalf without first retaining counsel, or, alternatively, without first clearly alleging their beneficial ownership of the Trust. <u>See id.</u> at 697-98.

Accordingly, for the foregoing reasons IT IS HEREBY ORDERED that:

(1) To ensure compliance with Local Rule 183(a), Mr. and Mrs. Sanwal must file a written statement clearly stating their status as the Trust's beneficial owners or explaining why they, as non-attorneys, may properly appear pro se as trustees on the Trust's behalf. The written statement must be filed within fourteen days from the date of this order.

(2) The hearing regarding the two pending motions to dismiss (Dkt. Nos. 8-9), currently set for June 9, 2011, is hereby continued to June 16, 2011, at

4

1  10:00 a.m., in Courtroom 25.  Oppositions to the pending motions to
2  dismiss shall be filed by May 26, 2011.  Replies supporting the pending
3  motions to dismiss may be filed by June 2, 2011.
4     IT IS SO ORDERED.
5  DATED: May 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE