1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MOHINDER MIKE SANWAL and
     KIRAN SANWAL, TRUSTEES OF
11   THE MOHINDER & KIRAN SANWAL
     LIVING TRUST,

12

13            Plaintiffs,                    No.  2:11-cv-0187 JAM KJN PS

14        vs.

15   COUNTY OF SACRAMENTO;
     SACRAMENTO COUNTY SHERIFF'S
16   DEPARTMENT, SHERIFF SCOTT R.
     JONES; CONCORD POLICE
17   DEPARTMENT; SACRAMENTO POLICE
     DEPARTMENT; CALIFORNIA HIGHWAY
18   PATROL; FEDERAL BUREAU OF
     INVESTIGATION; FOLSOM POLICE
19   DEPARTMENT; and
     DOES 1-100, INCLUSIVE,

20

21            Defendants.                    ORDER
     _____/

22            Plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, Trustees of the Mohinder &

23   Kiran Sanwal Living Trust (the "plaintiffs") filed their verified complaint on January 20, 2011.

24   (Complaint ("Compl."), Dkt. No. 1.)  Defendant the California Highway Patrol (the "defendant"

25   or "CHP") has moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil

26   Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 8.)  Plaintiffs failed to file any written opposition or

1

1   statement of non-opposition to the pending motion.[1]

2            The matter came on for hearing on June 23, 2011.[2]   Plaintiffs Kiran Sanwal and

3   Mohinder Mike Sanwal appeared in propria persona.   Attorney Jill Scally appeared on behalf of

4   the CHP.   The undersigned has considered the briefs, oral arguments, and the appropriate

5   portions of the record in this case and, for the reasons that follow, grants the CHP's motion to

6   dismiss, but with leave to amend.

7   I.       BACKGROUND

8            Plaintiffs are the alleged owners of an apartment complex located at 2410 Arden

9   Way in Sacramento, California.   (Compl. at 1.)   Plaintiffs allege four claims for relief, all of

10  which arise from events at their apartment complex during a 70-hour hostage standoff, and which

11  allegedly involved law enforcement personnel from various agencies.   These claims are: (1)

12  "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983"; (2) "Violation of Civil Rights

13  Pursuant to Title 42 U.S.C. § 1983"; (3) "Intentional Infliction of Severe Emotional Distress";

14  and (4) "Negligence per se – Criminal Trespass in Violation of Cal. Penal Code § 594."   (Compl.

15  ¶¶ 55-73.)   Plaintiffs allege that the CHP and other county, state, and federal law enforcement

16  agencies, caused extensive and unnecessary property damage to their apartment complex during

17  the standoff and caused severe emotional distress to plaintiffs.   (Id.)   Plaintiffs allege that the law

18  enforcement agencies have not paid for the property damage.   (Id. at ¶¶ 39-49.)   Plaintiffs seek

19  compensatory and punitive damages, plus costs of suit.   (Id. at 11.)   Plaintiffs name the CHP as

20  an entity defendant and broadly reference all "defendants" who were onsite during the hostage

21

22       [1]   On June 16, 2011, plaintiffs filed a written request asking that the hearing set for June
     23, 2011, be continued for approximately one month to permit them time to find an attorney.
23   (Dkt. No. 24.)   The court denied the request (Dkt. No. 25) but, during the hearing, heard from
     plaintiffs regarding the status of their legal representation in this action.
24

25       [2]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).   Plaintiffs have sworn that they are the
26   beneficial owners of the Trust that owns the subject property in this action, and plaintiffs are
     proceeding without counsel on the Trust's behalf. (Dkt. No. 21.)

1  standoff at issue (<u>e.g.</u>, Compl. at ¶¶ 22-39), but do not make any allegations against any specific

2  individuals as employees or agents of the CHP.

3  II.    <u>LEGAL STANDARDS</u>

4         1.    <u>Motions Pursuant to Federal Rule 12(b)(6)</u>

5         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

6  challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>

7  <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

8  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

9  plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see</u>

10 <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1053

11 (2010).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual

12 allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its

13 face.'"  <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting <u>Ashcroft v.</u>

14 <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)); <u>accord</u> <u>Cafasso, U.S. ex rel. v. General Dynamics C4</u>

15 <u>Systems, Inc.</u>, 637 F.3d 1047, 1055 n.6 (9th Cir. 2011) (clarifying that "plausibility" is part of the

16 pleading standard under <u>Iqbal</u>).  "'A claim has facial plausibility when the plaintiff pleads factual

17 content that allows the court to draw the reasonable inference that the defendant is liable for the

18 misconduct alleged.'"  <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th

19 Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the

20 complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v.</u>

21 <u>Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as

22 true conclusory allegations that are contradicted by documents referred to in the complaint, and

23 [the court does] not necessarily assume the truth of legal conclusions merely because they are

24 cast in the form of factual allegations."  <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks

25 omitted).

26        The court must construe a pro se pleading liberally to determine if it states a claim

3

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved").  In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

　　　　Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

　　　　　　　　2.　　　Motions Pursuant to Federal Rule 12(b)(1)

　　　　A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  However, the court is not restricted to the face of the pleadings and "may review any

4

1   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

2   jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489

3   U.S. 1052 (1989); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir.

4   2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the

5   pleadings or by presenting extrinsic evidence.").  "When subject matter jurisdiction is challenged

6   under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in

7   order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499

8   (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct.

9   1181 (2010); see also Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir.

10  2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit

11  'affidavits or any other evidence properly before the court . . . .  It then becomes necessary for the

12  party opposing the motion to present affidavits or any other evidence necessary to satisfy its

13  burden of establishing that the court, in fact, possesses subject matter jurisdiction.") (citation

14  omitted, modification in original).

15  III.   DISCUSSION

16          Here, plaintiffs name the CHP as an entity defendant.  They do not name any

17  individual CHP officers or officials, and name only the agency itself.  The California Highway

18  Patrol is a state agency and is protected from suit under the Eleventh Amendment.  As such,

19  based on their current pleading, plaintiffs are unable to proceed against the CHP.

20          The Eleventh Amendment to the United States Constitution provides: "The

21  Judicial power of the United States shall not be construed to extend to any suit . . . prosecuted

22  against one of the United States by Citizens of another State . . . ."  The Eleventh Amendment

23  prohibits federal courts from hearing suits brought against a state both by its own citizens, as well

24  as by citizens of other states.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050,

25  1053 (9th Cir. 1991).  "[A]bsent waiver by the State or valid congressional override, the Eleventh

26  Amendment bars a damages action against a State in federal court."  Kentucky v. Graham, 473

5

U.S. 159, 169 (1985); accord Pittman v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009) (stating that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State") (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)); Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997) ("The Eleventh Amendment immunizes states from private damage actions brought in federal court."); see also Cal. Franchise Tax Bd. v. Jackson (In re Jackson), 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts . . . .").

The Eleventh Amendment's prohibition extends to suits against states themselves, and to suits against state agencies.  E.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that claim against state Department of Corrections was barred by state immunity); Durning v. Citibank, 950 F.2d 1419, 1422-23 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[t]he Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment.").  "In the absence of a waiver by the state or a valid congressional override, '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'"  Dittman v. California, 191 F.3d 1020, 1026 (quoting Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198, 201 (9th Cir. 1989)); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); accord Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").  The Eleventh Amendment does not, however, bar suits against cities and counties.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Whether an agency is an arm of the state for Eleventh Amendment immunity purposes depends on a multi-factored balancing test.  Mitchell, 861 F.2d at 201 (discussing the

6

1   five-factor[3] test).  In its moving papers, the CHP failed to discuss the factors pertaining to its

2   status as an agency of the state.  (Dkt. No. 8 at 2-3.)  Nonetheless, various courts have held that

3   the CHP is such an agency for the purposes of the Eleventh Amendment, and thus that the CHP

4   enjoys sovereign immunity.  E.g., May v. California Highway Patrol, 2010 WL 234868, No. C

5   09-3460 BZ (N.D. Cal. Jan. 14, 2010) (unpublished).  The "California Highway Patrol is a state

6   agency. . . and the State of California has not consented to suit."  Id. (internal citations omitted)

7   (citing Cal. Gov't Code § 11000; Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)

8   superseded in other respects by Civil Rights Remedies Equalization Amendment of 1986, 42

9   U.S.C. § 2000d-7); Guzman v. Van Demark, 651 F. Supp. 1180, 1183 (C.D. Cal. 1987) ("the

10  CHP's immunity is coextensive with the State's immunity."); Heymann v. State, No. C 99-1788

11  MJJ, 1999 WL 638205, at *1-2 (N.D. Cal. Aug.16, 1999) (unpublished) (applying the five

12  factors to the CHP and finding it to be a state agency entitled to Eleventh Amendment

13  immunity).  Here, the State of California has not consented to suit, and the CHP is a state agency

14  that therefore enjoys Eleventh Amendment immunity.[4]

15          Here, in particular, plaintiffs allege violations of 42 U.S.C. § 1983 ("Section

16  1983") by the CHP.  (Compl. at 9-10.)  The Ninth Circuit Court of Appeals has recognized that

17  "[t]he State of California has not waived its Eleventh Amendment immunity with respect to

18  _____

19      [3]  "To determine whether a governmental agency is an arm of the state, the following
    factors must be examined: whether a money judgment would be satisfied out of state funds,
20  whether the entity performs central governmental functions, whether the entity may sue or be
    sued, whether the entity has the power to take property in its own name or only the name of the
21  state, and the corporate status of the entity."  Mitchell, 861 F.2d at 201.

22      [4]  The Eleventh Amendment also bars actions seeking damages from state officials acting
    in their official capacities.  Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v.
23  Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not bar
    suits against state officials acting in their personal capacities.  Eaglesmith, 73 F.3d at 859; Pena,
24  976 F.2d at 472.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh
    Amendment does not bar suits for prospective declaratory or injunctive relief against state
25  officials in their official capacities in order to end a continuing violation of federal law.
    Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  As noted above, however, here
26  plaintiffs have not alleged any claims against any individual CHP officials.

claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." <u>Dittman</u>, 191 F.3d at 1025-26 (citations and quotation marks omitted).  As a result, plaintiffs' Section 1983 claims against the CHP are barred by the State's immunity from suit.

As with plaintiffs' Section 1983 claim, plaintiff's "Intentional Infliction of Severe Emotional Distress" and "Negligence Per Se - Criminal Trespass . . ." claims against the CHP (Compl. at 10-11), which the undersigned construes as tort claims brought pursuant to California state law, are also barred by the State's immunity from suit.[5]  Although the State of California has waived its sovereign immunity through the California Tort Claims Act with respect to tort actions brought in state court, <u>see</u> Cal. Gov't Code § 945, that waiver does not effectuate a waiver of its Eleventh Amendment immunity from tort suits in federal court.  <u>BV Eng'g v. Univ. of Cal., L.A.</u>, 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court), <u>cert. denied</u>, 489 U.S. 1090 (1989); <u>see also</u> <u>Guzman v. Van Demark</u>, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) (granting CHP's motion to dismiss and holding that "[i]t has long been recognized that a state may waive its state sovereign immunity without relinquishing its eleventh amendment immunity"); <u>accord</u> <u>Kirchmann v. Lake Elsinore Unified Sch. Dist.</u>, 83 Cal. App. 4th 1098, 1103 (2000) ("Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, §§ 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity.").

Accordingly, the State of California has not waived its sovereign immunity as to

---

[5]  To the extent that subject matter jurisdiction over plaintiffs' state law tort claims are premised on the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, the Ninth Circuit Court of Appeals has held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims."  <u>Stanley v. Trustees of Cal. State Univ.</u>, 433 F.3d 1129, 1133-34 (9th Cir. 2006).

1   claims brought under 42 U.S.C. § 1983 in federal court.  Dittman, 191 F.3d at 1025-26.  The

2   CHP is entitled to immunity from suit as to plaintiffs' Section 1983 claims.  The result is the

3   same with respect to plaintiffs' state law tort claims.  See BV Eng'g, 858 F.2d at 1396;

4   Kirchmann, 83 Cal. App. 4th at 1103.

5           Plaintiffs did not timely file any written opposition to this motion.   As noted

6   herein, plaintiffs' complaint does not contain any allegations regarding individual CHP officers.

7   Plaintiffs have not suggested any ability to amend their pleading to include such allegations.

8   However, because plaintiffs are proceeding without counsel in this action, they are afforded some

9   degree of leniency with respect to their pleadings.  See Lopez, 203 F.3d at 1130-31; see also

10   Balistreri, 901 F.2d at 699; King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiffs have

11   not yet had the opportunity to amend their pleading.  Accordingly, while plaintiffs' claims

12   against the CHP are barred by Eleventh Amendment immunity, plaintiffs will be given the

13   opportunity to amend these claims and to clarify whether they intend to proceed against

14   individual CHP officers, and to allege the specific actions they ascribe to those officers, if any.

15           Accordingly, for the foregoing reasons IT IS HEREBY ORDERED that:

16           (1)     The CHP's Motion to Dismiss (Dkt. No. 8) is granted and plaintiffs'

17   claims are dismissed without prejudice as against the CHP; and

18           (2)     Plaintiffs are granted leave to file a First Amended Complaint within 45

19   days of the date of this order.  This 45 day period shall give plaintiffs additional time to search

20   for an attorney to represent them in this action.  If plaintiffs are able to find an attorney to

21   represent them in this action, the attorney shall file his or her appearance within 45 days of the

22   date of this order, and may request additional time to prepare an amended pleading.  If plaintiffs

23   are unable to find an attorney within this period, and if plaintiffs wish to maintain this action and

24   proceed without counsel, plaintiffs themselves remain obligated to file the First Amended

25   ////

26   ////

1   Complaint within 45 days of the date of this order.[6]  A failure to do so may result in the dismissal

2   of this action.

3                        IT IS SO ORDERED.

4   DATED:  June 24, 2011

5

6                                                _____

7                                                KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25      [6]  Should plaintiffs wish to voluntarily dismiss their action rather than proceed without
     counsel, as plaintiffs appeared to indicate during the hearing on June 23, 2011, plaintiffs are
26   directed to Federal Rule of Civil Procedure 41(a).