IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHINDER MIKE SANWAL and
KIRAN SANWAL, TRUSTEES OF
THE MOHINDER & KIRAN SANWAL
LIVING TRUST,

      Plaintiffs,                              No. 2:11-cv-0187 JAM KJN PS

     vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, SHERIFF SCOTT R.
JONES; CONCORD POLICE
DEPARTMENT; SACRAMENTO POLICE
DEPARTMENT; CALIFORNIA HIGHWAY
PATROL; FEDERAL BUREAU OF
INVESTIGATION; FOLSOM POLICE
DEPARTMENT; and
DOES 1-100, INCLUSIVE,

      Defendants.                  <u>ORDER</u>
_____/

        Plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, Trustees of the Mohinder & Kiran Sanwal Living Trust (the "plaintiffs") filed their verified complaint on January 20, 2011.

////

////

////

1

(Complaint ("Compl."), Dkt. No. 1.)[1]

A review of the court's electronic docket reflects that one defendant has not yet appeared in this action: the Federal Bureau of Investigation (the "FBI"). The court's electronic docket shows a Proof of Service was filed on April 26, 2011, confirming personal service of the complaint upon a paralegal at the FBI's Sacramento office on March 31, 2011. (Dkt. No. 14.) However, Federal Rule of Civil Procedure 4(i) dictates the manner in which federal agencies such as the FBI must be served (i.e., service upon the U.S. Attorney in the appropriate federal district and mail to the U.S. Attorney General). Plaintiffs are directed to familiarize themselves with the Federal Rules, including Rule 4(i).[2]

At present, Rule 4(m) requires that the FBI be dismissed from this case without prejudice. See Fed. R. Civ. P. 4(m). In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiffs have sworn that they are the beneficial owners of the Trust that owns the subject property in this action, and plaintiffs are proceeding without counsel the Trust's behalf. (Dkt. No. 21.)

[2] Plaintiffs' status as litigants proceeding without counsel and in propria persona does not relieve them of the obligation to abide by the rules of litigation procedure. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

1           time. But if the plaintiff shows good cause for the failure, the court
2           must extend the time for service for an appropriate period.

3 Well over 120 days have passed since the complaint was filed in this court. The complaint was
4 filed on January 20, 2011 (Dkt. No. 1), and 120 days from that date was May 20, 2011. The
5 undersigned is inclined to recommend, on the court's own motion, that the claims against the FBI
6 be dismissed because the time to serve this defendant has expired. Absent good cause shown by
7 plaintiffs, the court must dismiss plaintiffs' claims against the FBI pursuant to Rule 4(m).
8 However, Rule 4(m) also requires that the court provide notice to plaintiffs prior to effectuating
9 such a dismissal, and this order constitutes such notice.

10       During the June 23, 2011 hearing regarding four separate motions to dismiss
11 plaintiffs' complaint, plaintiffs appeared and made lengthy statements about the status of their
12 legal representation in this action. Accordingly, the court will allow plaintiffs an additional 45
13 days to both effectuate proper service of their *amended*[3] complaint upon the FBI and to file a
14 certificate of service with the court. If plaintiffs do not file such a certificate of service within 45
15 days of the date of this order, the court will recommend the dismissal of the FBI without
16 prejudice.

17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////

---

25     [3] Separate orders in this action require plaintiffs to file a First Amended Complaint to remedy various deficiencies within plaintiffs' initial pleading. This order requires plaintiffs to
26 serve their First Amended Complaint – not their original pleading – upon the FBI.

3

Accordingly, for the foregoing reasons IT IS HEREBY ORDERED that:

(1) Within 45 days of the date of this order, plaintiffs must effectuate proper service of their First Amended Complaint upon the FBI.

(2) Within 45 days of the date of this order, plaintiffs must file a certificate of service confirming proper service upon the FBI in compliance with Federal Rule of Civil Procedure 4(i).

(3) Failure to comply with this order will result in the undersigned's recommendation that the FBI be dismissed from this action without prejudice.

IT IS SO ORDERED.

DATED: June 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE