IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHINDER MIKE SANWAL and KIRAN SANWAL, TRUSTEES OF THE MOHINDER & KIRAN SANWAL LIVING TRUST, | |
| Plaintiffs, | No.  2:11-cv-0187 JAM KJN PS |
| vs. | |
| COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SHERIFF SCOTT R. JONES; CONCORD POLICE DEPARTMENT; SACRAMENTO POLICE DEPARTMENT; CALIFORNIA HIGHWAY PATROL; FEDERAL BUREAU OF INVESTIGATION; FOLSOM POLICE DEPARTMENT; and DOES 1-100, INCLUSIVE, | |
| Defendants. | ORDER |

Plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, Trustees of the Mohinder & Kiran Sanwal Living Trust (the "plaintiffs") filed their verified complaint on January 20, 2011. (Complaint ("Compl."), Dkt. No. 1.)  Defendant Folsom Police Department (the "defendant" or "Folsom PD") has moved to dismiss the complaint in its entirety pursuant to Federal Rule of

1

Civil Procedure 12(b)(6). (Dkt. No. 16.) Plaintiffs failed to file any written opposition or statement of non-opposition to the pending motion.[1]

The matter came on for hearing on June 23, 2011.[2] Plaintiffs Kiran Sanwal and Mohinder Mike Sanwal appeared in propria persona. Attorney Mark O'Dea appeared on behalf of Folsom PD. The undersigned has considered the briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons that follow, grants Folsom PD's motion to dismiss, but with leave to amend.

I.   BACKGROUND

Plaintiffs are the alleged owners of an apartment complex located at 2410 Arden Way in Sacramento, California. (Compl. ¶¶ 1-2.) Plaintiffs allege four claims for relief, all of which arise from events at their apartment complex during a 70-hour hostage standoff, and which allegedly involved law enforcement personnel from various agencies. These claims are: (1) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983"; (2) "Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983"; (3) "Intentional Infliction of Severe Emotional Distress"; and (4) "Negligence per se – Criminal Trespass in Violation of Cal. Penal Code § 594." (Compl. ¶¶ 55-73.) Plaintiffs allege that the Folsom PD and other county, state, and federal law enforcement agencies caused extensive and unnecessary property damage to their apartment complex during the standoff and caused severe emotional distress to plaintiffs. (Id.) Plaintiffs allege that the law enforcement agencies have not paid for the property damage. (Id. at ¶¶ 39-49.) Plaintiffs seek compensatory and punitive damages, plus costs of suit. (Id. at 11.) Plaintiffs

---

[1]  On June 16, 2011, plaintiffs filed a written request asking that the hearing set for June 23, 2011, be continued for approximately one month to permit them time to find an attorney. (Dkt. No. 24.) The court denied the request (Dkt. No. 25) but, during the hearing, heard from plaintiffs regarding the status of their legal representation in this action.

[2]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiffs have sworn that they are the beneficial owners of the Trust that owns the subject property in this action, and plaintiffs are proceeding without counsel on the Trust's behalf. (Dkt. No. 21.)

2

name the Folsom PD as an entity defendant and broadly reference all "defendants" who were onsite during the hostage standoff at issue (e.g., Compl. at ¶¶ 22-39), but do not make any allegations against any specific individuals as employees or agents of Folsom PD. Plaintiffs make only two short allegations clearly directed at Folsom PD. (Compl. at ¶¶ 10, 26.)

II.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)); accord Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 n.6 (9th Cir. 2011) (clarifying that "plausibility" is part of the pleading standard under Iqbal). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

3

1   The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"). In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

III.   DISCUSSION

    1.   Plaintiffs' Section 1983 Claims

Plaintiffs allege violations of their constitutional rights. Such claims may be properly brought pursuant to 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the

United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

Here, plaintiffs have not asserted any Section 1983 claims against any *individual* defendants related to Folsom PD. However, the complaint contains blanket allegations against all "defendants" who were onsite during the hostage standoff at issue. (E.g., Compl. at ¶¶ 22-39.) The complaint also broadly states that at all times, all defendants were acting under color of state law. (Id. ¶ 12 (". . . all Defendants acted under color of authority and/or state law. . . ."); ¶¶ 56-57 (". . . Defendants acted under color of state law . . . .").) It is possible that plaintiffs intend these allegations to be directed to individual Folsom PD officers whose identities are currently unknown; however, while plaintiffs purport to sue 100 "Doe" defendants in this case, at present there are no specific factual allegations actually aimed at any "Doe" defendants — let alone "Doe" defendants affiliated with Folsom PD. (See id. ¶ 11 (defining Does 1-100 as "employees of the various Defendant law enforcement agencies") but see ¶¶ 16-49 (failing to assert any factual allegations as against any Doe defendants).) Accordingly, the complaint does not presently allege Section 1983 claims as against any individuals affiliated with the Folsom PD.

Instead, the complaint merely alleges violations of 42 U.S.C. § 1983 ("Section 1983") by the Folsom PD. (Compl. at ¶¶ 55-61.) Municipalities may be liable under Section 1983, and police departments are, as a general matter, separately suable entities that may be liable for civil rights violations. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 n.2 ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.") (citing Shaw v. Cal. Dep't of

Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986)); accord Streit v. County of L.A., 236 F.3d 552, 565 (9th Cir. 2001).

Relevant here, in Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.").

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability under Section 1983, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van

6

Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

The Court of Appeals has also recognized that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and quotation marks omitted).

Here, plaintiffs' complaint does not allege facts sufficient to state a Section 1983 claim against the Folsom PD. Plaintiffs allege that the Folsom PD "is and at all times mentioned herein was a public entity responsible for providing law enforcement for Defendant County of Sacramento, including supervising, operating, and managing the police force." (Compl. ¶ 10.) Plaintiffs also allege that "the Folsom Police Department" was dispatched to the scene of the hostage standoff, along with other law enforcement entities. (Compl. ¶ 26.) These are the only two allegations specifically referencing the Folsom PD; the majority of the complaint's allegations reference all various law enforcement "defendants" collectively. (E.g., id. ¶¶ 27-39, 55-61.) Even if each of these collective allegations were charitably construed as allegations against the Folsom PD, however, the complaint fails to allege that the Folsom PD—or, for that matter, any of the law enforcement defendants—had a particular *custom or policy* that was the moving force behind violation(s) of plaintiffs' constitutional rights.[3] In other words, as the

---

[3] Indeed, on the undersigned's review, the complaint makes only one reference to the existence of "laws, customs, practices, and policies." (Compl. ¶ 5.) This sole reference,

1  Folsom PD's moving papers correctly note (Dkt. No. 16 at 3-4), the complaint does not allege the
2  existence of a Folsom PD policy that amounted to deliberate indifference to plaintiffs'
3  constitutional rights.  See Levine, 525 F.3d at 907.  Likewise, the complaint does not allege any
4  direct causal link between such Folsom PD policy and the alleged constitutional deprivation.  See
5  id.; Villegas, 541 F.3d at 957.  While a claim of municipal liability under Section 1983 may be
6  sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a
7  bare allegation that the individual officers' conduct conformed to official policy, custom, or
8  practice," Karim-Panahi, 839 F.2d at 624, plaintiffs' complaint stops short of making even this
9  "bare" allegation.  Here, the complaint does not contain even a "bare allegation" that the law
10 enforcement officers involved in the hostage standoff acted pursuant to a custom or policy.  See
11 Karim-Panahi, 839 F.2d at 624; accord Del Conte v. San Francisco Police Dept., No. C 06-05030
12 JSW, 2009 WL 2871052, at *3 (N.D. Cal. Sept. 1, 2009) (unpublished).

13         Finally, as currently drafted, the complaint does not give the Folsom PD fair
14 notice of the factual bases supporting a Section 1983 claim against it.[4]  It is possible that
15 plaintiffs intend all of their allegations to be directed to individual Folsom PD officers whose

---

however, does not describe what are the alleged laws, customs, practices, and policies.  Instead, the allegation is that "Defendant Scott R. Jones is the Sheriff of Sacramento County, and as such, he is responsible for formulating, executing, and administering Sacramento County's laws, customs, practices and policies at issue in this lawsuit . . . ."  (Id.)  Identifying an individual who allegedly formed and administered unidentified "policies" is not the same as identifying the policies at issue or, at a bare minimum, alleging that certain acts were done *pursuant to* particular policies.

[4]  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

identities are currently unknown; however, while plaintiffs purport to sue 100 "Doe" defendants in this case, at present there are no specific factual allegations actually aimed at any "Doe" defendants —let alone "Doe" defendants affiliated with the Folsom PD.  (See id. ¶ 11 (defining Does 1-100 as "employees of the various Defendant law enforcement agencies") but see ¶¶ 16-49 (failing to assert any factual allegations as against any Doe defendants).)  In any event, plaintiffs have not clearly described which allegations are directed at the Folsom PD, and the Folsom PD does not have fair notice of the factual bases for the Section 1983 claims asserted against it.

Accordingly, the Folsom PD's motion to dismiss the Section 1983 claims is granted, and the Section 1983 claims are dismissed as against the Folsom PD.  However, because plaintiffs are proceeding without counsel and entitled to leniency with respect to their pleadings, this dismissal is without prejudice.[5]  Plaintiffs shall have the opportunity to amend their pleading to allege facts sufficient to support each element required to state a Section 1983 claim under the authorities described above.  Such amendment should include identification of the Folsom PD policy or policies alleged to have directly caused violation of plaintiffs' constitutional rights, how the alleged violation occurred, and which specific constitutional right(s) were allegedly violated.  If plaintiffs intend to pursue Section 1983 claims against *individual* Folsom PD officers or agents, plaintiffs' pleading amendments should include specific factual allegations describing the acts of individual defendants affiliated with the Folsom PD, whether as named individuals or as individual "Doe" defendants.

2. Plaintiffs' Common Law Tort Claims

Plaintiffs allege state law tort claims for "Intentional Infliction of Severe Emotional Distress" ("IIED") and for "Negligence Per Se - Criminal Trespass" against all defendants, presumably including the Folsom PD.  (Compl. at ¶¶ 62-73.)  As noted above, the

---

[5] E.g., King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.")

9

1  Folsom PD is a public entity. See Cal. Gov't Code § 811.2 ("'Public entity' includes the state . .
2  . a county, city, district, public authority, public agency, and any other political subdivision or
3  public corporation in the State."); Karim-Panahi, 839 F.2d at 624 n.2 ("Municipal police
4  departments are 'public entities' under California law . . . .")
5         The California Tort Claims Act, which is also known as the California Tort
6  Claims Act,[6] immunizes public entities from tort liability in all cases except those where liability
7  is explicitly created by a particular statute. Cal. Gov't Code § 815(a).[7] The Government Claims
8  Act "evinces the California Legislature's intent to channel government liability into a statutory
9  scheme, rather than embrace blanket sovereign immunity from suit." Liberal v. Estrada, 632
10 F.3d 1064, 1087 (9th Cir. 2011).  In California, a governmental entity can only be sued in tort
11 pursuant to an authorizing statute or enactment. Van Ort, 92 F.3d at 840; accord D.K. ex rel.
12 G.M. v. Solano County Office of Educ., 667 F. Supp. 2d 1184, 1198 (E.D. Cal. 2009) ("To state
13 a cause of action, every fact essential to the existence of statutory liability must be pleaded with
14 particularity, including the existence of a statutory duty. . . .  Since the duty of a governmental
15 agency can only be created by statute, the statute claimed to establish the duty must be
16 identified.") (internal citations omitted) (citing Cal. Gov't Code § 815; Lopez v. S. Cal. Rapid
17 Transit Dist., 40 Cal. 3d 780, 785 n.2 (1985); Morris v. State of California, 89 Cal. App. 3d 962,

---

[6] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of the more traditional "California Tort Claims Act" to adequately capture the breadth of the statutory framework and to reduce confusion over issues such as whether breach of contract claims fall within the statutory provisions. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 & ns.6-7 (2007).

[7] The Senate Legislative Committee Comments to California Government Code Section 815 provide, in pertinent part, that "[t]his section abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation. In the absence of a constitutional requirement, public entities may be held liable only if a statute (not including a charter provision, ordinance or regulation) is found declaring them to be liable. . . the practical effect of this section is to eliminate any common law governmental liability for damages arising out of torts. The use of the word "tort" has been avoided, however, to prevent the imposition of liability by the courts by reclassifying the act causing the injury."

964 (1979); Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d 792, 802 (1986)). Where a pleading "fail[s] to identify a statute creating liability" for a public entity, claims against that public entity "must be dismissed with leave to amend." D.K. ex rel. G.M., 667 F. Supp. 2d at 1198 (citing Searcy, 177 Cal. App. 3d at 802.)

The undersigned notes that, pursuant to statute, in certain cases a public entity may be liable under California Government Code Section 815.2(a) for injuries proximately caused by an act or omission of an employee within the scope of the employee's employment. E.g., Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002) (citing Cal. Gov't Code § 815.2 and holding that, as to state law tort claims, *respondeat superior* liability applies and the public entity employer is immune only insofar as the public employee is immune). Similarly, while "[u]nder California law, a public entity generally is immune from suit for injuries arising from acts or omissions of the entity or its employees[,] California law creates an exception, however, in cases where the public entity is 'under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury,' and the public entity is liable for causing that kind of injury while failing to exercise reasonable diligence in discharging its duty." Mendez v. County of San Bernardino, 540 F.3d 1109, 1123 (9th Cir. 2008) (citing Cal. Gov't Code §§ 815(a); 815.6) (internal citation omitted.) Indeed, the Legislative Committee Comment to Section 815.2 states, "Under this section, it will not be necessary in every case to identify the particular employee upon whose act the liability of the public entity is predicated. All that will be necessary will be to show that some employee of the public entity tortiously inflicted the injury in the scope of his employment under circumstances where he would be personally liable." The undersigned also notes, however, that as presently drafted the complaint does not reference Section 815.2 or any other statute upon which public entity liability may be premised in this case.

Plaintiffs have not alleged which particular statute(s), if any, permit them to bring state law tort claims against the Folsom PD. Further, even if the complaint made proper

reference to an authorizing statute, plaintiffs' practice of directing essentially every factual allegation at *all* "defendants" obscures the factual bases of the claims directed against the Folsom PD.  A pleading should give a defendant fair notice of the claims against him, as well as the factual allegations serving as the basis therefor.  Erickson, 551 U.S. at 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555.)  Accordingly, the Folsom PD's motion to dismiss is granted, and plaintiffs' state law tort claims are dismissed as against the Folsom PD.  However, such dismissal is without prejudice, and plaintiffs shall have the opportunity to amend their complaint so as to specify which statute(s), if any, authorize their tort claims against the Folsom PD.  Such amendment should also include clear statements of *which* factual allegations are directed at the Folsom PD and any Doe defendants affiliated with it.

Plaintiffs have also failed to allege that they presented the Folsom PD with a notice of claims.  The Government Claims Act provides that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues.[8]  See Cal. Gov't Code §§ 905, 911.2, 945.4, 950-950.2.

Timely presentation of claims is not merely a procedural requirement but is an element of the plaintiff's cause of action.  Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209, 164 P.3d 630, 634 (2007) ("Timely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, a condition precedent to plaintiff's maintaining an action against defendant, and thus an element of the plaintiff's cause of action") (citation and quotation marks omitted).  A plaintiff may sue a public entity and its employees only after the entity has acted upon or is deemed to have rejected the claim.  Id.; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and

---

[8] A state claim presentment requirements do not apply to *federal* civil rights actions. Ford v. Long Beach Unified Sch. Dist., 461 F.3d 1087, 1089-90 (9th Cir. 2006).

12

the rejection of the claim in whole or in part.") A plaintiff's "failure to allege facts demonstrating or excusing compliance with the claims presentation requirement subjects a claim against a public entity" to dismissal for failure to state a claim.[9] State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004); Karim-Panahi, 839 F.2d at 627; accord Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) ("Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA. The CTCA applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance with the CTCA applies in federal court. 'Complaints that do not allege facts demonstrating either that a [tort] claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal].'" (citing cases) (internal citations omitted).

Here, plaintiffs allege that they filed a Government Tort Claim against the *County* of Sacramento, but make no similar allegation with respect to filing a claim with the Folsom PD or the City of Folsom. (Compl. ¶¶ 50-51.) As plaintiffs' tort claims seek money damages, a failure to allege claims presentation to the Folsom PD is fatal to those claims. See e.g., Bodde, 32 Cal. 4th at 1239; Karim-Panahi, 839 F.2d at 627; Butler, 617 F. Supp. 2d at 1001.

Accordingly, the Folsom PD's motion to dismiss plaintiffs' state law tort claims is granted, and the claims are dismissed as against the Folsom PD. However, such dismissal is without prejudice. As plaintiffs are proceeding without counsel in this action and are entitled to leniency with respect to their pleadings, plaintiffs shall have the opportunity to amend their complaint. Such amendment should include factual allegations addressing plaintiffs' compliance

---

[9] The Ninth Circuit Court of Appeals has held that a district court may properly dismiss supplemental state law claims for failure to allege compliance or an excuse from compliance with the claims presentation requirement, but errs by failing to instruct a plaintiff regarding the necessity of alleging compliance with the exhaustion requirements. See Karim-Panahi, 839 F.2d at 627.

with the claims-presentation requirement with respect to the Folsom PD, to the extent such allegations can be made in good faith and within the purview of Federal Rule of Civil Procedure 11(b). See Fed. R. Civ. P. 11 (providing that all of a plaintiff's claims must be warranted by existing law or a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law, and that plaintiff's factual contentions must have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation).

Accordingly, for the foregoing reasons IT IS HEREBY ORDERED that:

(1) The Folsom PD's Motion to Dismiss (Dkt. No. 16) is granted; and plaintiffs' claims are dismissed without prejudice as against the Folsom PD.

(2) Plaintiffs are granted leave to file a First Amended Complaint within 45 days of the date of this order. This 45 day period shall give plaintiffs additional time to search for an attorney to represent them in this action. If plaintiffs are able to find an attorney to represent them in this action, the attorney shall file his or her appearance within 45 days of the date of this order, and may request additional time to prepare an amended pleading. If plaintiffs are unable to find an attorney within this period, and if plaintiffs wish to maintain this action and proceed without counsel, plaintiffs themselves remain obligated to file the First Amended Complaint within 45 days of the date of this order.[10] A failure to do so may result in the dismissal of this action.

IT IS SO ORDERED.

DATED: June 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[10] Should plaintiffs wish to voluntarily dismiss their action rather than proceed without counsel, as plaintiffs appeared to indicate during the hearing on June 23, 2011, plaintiffs are directed to Federal Rule of Civil Procedure 41(a).

14