1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MOHINDER MIKE SANWAL and
     KIRAN SANWAL, TRUSTEES OF
11   THE MOHINDER & KIRAN SANWAL
     LIVING TRUST,
12

13           Plaintiffs,                      No.  2:11-cv-0187 JAM KJN PS

14      vs.

15   COUNTY OF SACRAMENTO; et al.

16

17           Defendants.                      FINDINGS AND RECOMMENDATIONS
     _____/

18

19           Plaintiffs Mohinder Mike Sanwal and Kiran Sanwal, Trustees of the Mohinder &

20   Kiran Sanwal Living Trust (the "plaintiffs") filed their verified complaint on January 20, 2011.

21   (Complaint ("Compl."), Dkt. No. 1.)  Various defendants moved to dismiss the complaint (Dkt.

22   Nos. 8, 9, 16, 18), but plaintiffs failed to file any written oppositions or statements of non-

23   opposition to those motions.[1]  The court held a hearing regarding those motions on June 23,

24   _____

25          [1]   On June 16, 2011, plaintiffs filed a written request asking that the hearing set for June
     23, 2011, be continued for approximately one month to permit them time to find an attorney.
26   (Dkt. No. 24.)  The court denied the request (Dkt. No. 25) but, during the hearing, heard from
     plaintiffs regarding the status of their legal representation in this action.

                                          1

1   2011, and the plaintiffs appeared on their own behalf at the hearing.[2]  (Dkt. No. 26.)  For the

2   reasons that follow, the undersigned recommends that plaintiff's action be dismissed with

3   prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4   I.      BACKGROUND

5              On the record during the June 23, 2011 hearing, the undersigned explained

6   various deficiencies in plaintiff's complaint.  Plaintiffs represented that they would not amend

7   their complaint or pursue this action if they could not find an attorney.

8              Also on the record during the hearing, the undersigned told plaintiffs that if they

9   did not file a First Amended Complaint within 45 days of his forthcoming orders granting the

10  motions to dismiss but permitting leave to amend, plaintiff's case "will be dismissed."  The

11  undersigned also explained to plaintiffs that their case would "go away" if, within 45 days of the

12  court's forthcoming orders, plaintiffs had either failed to file a First Amended Complaint or

13  failed to have an attorney appear on their behalf.

14             Following the hearing, the undersigned issued four separate orders (the "Orders")

15  granting various defendants' motions to dismiss.  (Orders, Dkt. Nos. 27, 28, 30, 31.)  The Orders

16  explained that, because plaintiffs are proceeding without counsel and entitled to leniency with

17  respect to their pleadings, such dismissals would be without prejudice.[3]  (Orders, Dkt. Nos. 27,

18  28, 30, 31.)  The Orders gave plaintiffs "45 days" to file a First Amended Complaint and correct

19  the deficiencies discussed during the hearing and further detailed within the orders.  (Orders, Dkt.

20  Nos. 27, 28, 30, 31.)  The Orders also provided,

21             Plaintiffs are granted leave to file a First Amended Complaint

22
23     [2]  This action proceeds before the undersigned pursuant to Eastern District of California
       Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiffs have sworn that they are the
24     beneficial owners of the Trust that owns the subject property in this action, and plaintiffs are
       proceeding without counsel the Trust's behalf. (Dkt. No. 21.)

25     [3]  E.g., King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("In civil rights cases, where the
       plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the
26     plaintiff the benefit of any doubt.")

2

within 45 days of the date of this order.  This 45 day period shall
give plaintiffs additional time to search for an attorney to
represent them in this action.  If plaintiffs are able to find an
attorney to represent them in this action, the attorney shall file his
or her appearance within 45 days of the date of this order, and
may request additional time to prepare an amended pleading.  If
plaintiffs are unable to find an attorney within this period, and if
plaintiffs wish to maintain this action and proceed without
counsel, plaintiffs themselves remain obligated to file the First
Amended Complaint within 45 days of the date of this order. A
failure to do so may result in the dismissal of this action.

(Orders, Dkt. Nos. 27, 28, 30, 31.) (footnote omitted).)[4]

Thus, the court gave plaintiffs multiple warnings—both verbally and in writing—that their case could be dismissed for failure to prosecute, as well as their failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules.

It has been more than 45 days since the Orders were signed.  (Orders, Dkt. Nos. 27 and 28 (dated June 24, 2011); 30 and 31 (dated June 27, 2011).)  To date, however, plaintiffs have not filed a First Amended Complaint, no attorney has appeared on behalf of plaintiffs, and plaintiff s have not requested additional time to comply with the Orders.  As described above, plaintiffs were warned several different times that a failure to file a First Amended Complaint by the 45-day deadline could result in the dismissal of their action.

II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[5]  See, e.g.,

---

[4]  The Orders also included a footnote stating, "Should plaintiffs wish to voluntarily dismiss their action rather than proceed without counsel, as plaintiffs appeared to mention during the hearing on June 23, 2011, plaintiffs are directed to Federal Rule of Civil Procedure 41(a)." (Orders, Dkt. Nos. 27, 28, 30, 31.)

[5]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

1  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte*

2  to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest

3  Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

4  to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply

5  with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260

6  (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

7  an action for failure to comply with any order of the court."); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639,

8  642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

9  habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

10 <u>See</u> E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any

11 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

12 by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing

13 that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local

14 Rules, and other applicable law may support, among other things, dismissal of that party's action).

15        A court must weigh five factors in determining whether to dismiss a case for

16 failure to prosecute, failure to comply with a court order, or failure to comply with a district

17 court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

18            (1) the public's interest in expeditious resolution of litigation; (2)
             the court's need to manage its docket; (3) the risk of prejudice to the
19            defendants; (4) the public policy favoring disposition of cases on
             their merits; and (5) the availability of less drastic alternatives.
20

21 <u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir.

22 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

23 conditions precedent before the judge can do anything, but a way for a district judge to think about

24 what to do."  <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir.

25 2006).

26        Although involuntary dismissal can be a harsh remedy, the five relevant factors

4

weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiffs' failures to file an opposition or statement of non-opposition to the motions to dismiss in the first instance, their admissions during the June 23, 2011 hearing that they did not intend to pursue this action if they could not find an attorney and that they have yet to find one, and their most recent failure to file a First Amended Complaint within the time limit described to them during the hearing and within the Orders themselves, all strongly suggest that plaintiffs have abandoned this action or are not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Moreover, although plaintiffs were aware that the undersigned gave them a 45-day period in which to file a First Amended Complaint and that this potentially constituted their final opportunity to correct the multiple deficiencies in their pleading, plaintiffs took no action.  Any further time spent by the court on this case, which plaintiffs have demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of a plaintiff's failure to timely oppose its motion to dismiss, should be given some weight.  See Ferdik, 963 F.2d at 1262.  A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues.  First, plaintiffs failed to oppose the various motions to dismiss, and second, plaintiffs failed to file any amended pleadings or otherwise comply with the Orders.  Plaintiffs' failures raise the real possibility that the defendants in this action may be forced to unnecessarily engage in further litigation against claims that plaintiffs do not appear to value enough to pursue in a serious manner.  Indeed, the moving defendants have diligently pursued their motions to dismiss, and plaintiffs' failures to comply with the Orders and file an amended pleading have essentially stalled this matter and prevented the efficient resolution of this lawsuit.  Moreover, unreasonable delay is presumed to be prejudicial.  See, e.g., In re

1  Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

2          The fifth factor, which considers the availability of less drastic measures, also

3  supports dismissal of this action.  As noted above, here the court has actually pursued remedies

4  that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833

5  F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district

6  court actually tries alternatives before employing the ultimate sanction of dismissal.").  The court

7  excused plaintiffs' initial failure to oppose the motions to dismiss and nonetheless permitted

8  plaintiffs to be heard at the June 23, 2011 hearing, granted plaintiffs substantial additional time to

9  file an amended pleading, and even informed plaintiffs that he would consider granting a further

10  extension to file the amended pleading, if necessary, in the event plaintiffs were successful in their

11  search for counsel and if their counsel needed time to adjust to the case.  Moreover, the court

12  advised plaintiffs of the requirement of opposing a motion to dismiss and informed them of the

13  requirements of the Local Rules.  Furthermore, the court advised plaintiffs that they were required

14  to comply with the court's Local Rules and the Federal Rules of Civil Procedure even though they

15  are proceeding without counsel.  It also warned plaintiffs in straightforward terms that failure to

16  comply with the court's Orders would result in a recommendation of dismissal.  Warning a

17  plaintiff that failure to take steps towards resolution of his or her action on the merits will result in

18  dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963

19  F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure

20  to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives'

21  requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable

22  alternative to a recommendation for dismissal of this action.

23          The court also recognizes the importance of giving due weight to the fourth factor,

24  which addresses the public policy favoring disposition of cases on the merits.  However, for the

25  reasons set forth above, factors one, two, three, and five strongly support a recommendation for

26  dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

6

proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

In light of the foregoing, IT IS RECOMMENDED that:

1.      Plaintiffs' case be dismissed with prejudice as to all defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2.      The Clerk of Court close this case and vacate all future dates in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E.D. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E.D. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  August 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE